UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff-Respondent,<br><br>         v.<br><br>JULIO JIMENEZ-MORALES,<br><br>                    Defendant-Movant. | Case No. 4:14-cv-00082-BLW<br>             4:10-cr-00073-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Julio Jimenez-Morales' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1 and Crim. Dkt. 392). Also pending before the Court is Jimenez-Morales' Formal Motion to Require Legal Documentation (Crim. Dkt. 383) filed on July 19, 2013, supported by a Declaration in Support of Request to Proceed *In Forma Pauperis* (Crim. Dkt. 384), seeking transcripts and certain other documents that are part of the criminal record.   For the reasons set forth below, the Court shall deny the motions.

**1.      § 2255 Motion**

Motions filed pursuant to 28 U.S.C. § 2255 must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). In a case such as the present one, where there was no direct appeal, a judgment of conviction

**MEMORANDUM DECISION AND ORDER - 1**

becomes final when the time for filing a notice of appeal has expired under Rule 4 of the Federal Rules of Appellate Procedure.  *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001).

Judgment was entered on July 8, 2011.  *Judgment*, Crim. Dkt. 242.  Therefore, Jimenez-Morales' conviction became final fourteen (14) days later on July 22, 2011, and the deadline for filing a § 2255 motion became July 22, 2012.  *See* Fed. R. App. P. 4(b)(1)(A).  Jimenez-Morales, however, did not file his § 2255 Motion until March 6, 2014, approximately twenty (20) months after the deadline had passed.

Ordinarily, when a § 2255 motion is untimely on its face, the Court notifies the movant that his § 2255 motion will be subject to dismissal unless he shows cause why his motion should not be dismissed as untimely based on evidence he submits indicating that he has diligently pursued his rights and extraordinary circumstances prevented timely filing.  *See United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010) (citing *Pace DeGuglielmo*, 544 U.S. 408, 418 (2005)).  Here, however, apparently recognizing that his conviction had become final over a year before he filed the § 2255 Motion, Jimenez-Morales claims, citing *Roe v. Flores-Ortega*, 528 U.S. 470, 471 (2009), that his § 2255 Motion is timely because he "requested a timely notice of appeal, and counsel of record drop (sic) the ball."  *§ 2255 Motion ¶* 18. The remainder of the § 2255 Motion alleges that counsel was ineffective at the plea stage for failing to object to the factual basis, at the sentencing stage for failing to object to the drug quantity resulting in an incorrect total offense level, and for failing to file a notice of appeal.  *§ 2255 Motion*,

**MEMORANDUM DECISION AND ORDER - 2**

Ground One.  In his supporting memorandum, Jimenez-Morales adds that counsel failed to properly investigate the case, failed to argue for a minor-role downward departure, and failed to preserve the record for review under *Booker* for an unreasonable sentence.  *Brief* at 2-3.  Jimenez-Morales also contends that he was advised by counsel that he would be sentenced based on a guideline range of 46-57 months and that the Government would not seek any enhancement for relevant conduct.  *Brief* at 4-5.

Equitable tolling is warranted in very limited circumstances.  *Spitzen v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  *See also*, *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.), *cert. denied*, 537 U.S. 1003 (2002) (noting "[w]e have made clear . . . that equitable tolling is 'unavailable in most cases'" and that "the required threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule") (citations omitted); *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003) (noting ". . . we have yet to identify a circumstance that justifies equitable tolling in the collateral relief context").  Grounds sufficient for equitable tolling are "highly fact-dependent."  *Whalen/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000).  It is appropriate only "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim."  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).  The moving party has the burden of making such a showing.  *United States v. Marlof*, 173 F.3d 1213, 1218 n.3 (9th Cir. 1999).

Jimenez-Morales' conclusory allegation, unsupported by specifics such as when and how he instructed counsel to file a notice of appeal, why it took almost three years

**MEMORANDUM DECISION AND ORDER - 3**

from the date sentenced was imposed to file the § 2255 Motion, what efforts he took to determine whether the notice of appeal had been filed, when he discovered that the notice of appeal had not been filed, and what steps he took to promptly file the § 2255 Motion. In other words, the conclusory allegation does not demonstrate that Jimenez-Morales has diligently pursued his rights and that extraordinary circumstances prevented timely filing.

**2.      Motion to Require Legal Documentation**

Jimenez-Morales brings this motion purportedly to assist in the preparation of a petition pursuant to 28 U.S.C. § 2241.  However, the Court assumes that he made the request in connection with plans to file the pending § 2255 Motion given that he requested the plea and sentencing transcripts and other documentation related to the criminal case.  Furthermore, generally, a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 is limited to challenging the manner, location, or condition under which a sentence is executed.  *Harrison*, 519 F.3d 952, 956 (9th Cir. 2008) (citing *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 1999)).  On the other hand, a motion filed pursuant to 28 U.S.C. § 2255 is the exclusive mechanism by which a federal prisoner may attack the underlying legality of his detention.  *Id.* at 955-56 (citing and *Lorentsen v. Hood,* 223 F.3d 950, 953 (9th Cir. 2000)).  *See also Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012).

A court may order that certain parts of the record necessary for determining a § 2255 motion be furnished without cost to an indigent prisoner.  28 U.S.C.

**MEMORANDUM DECISION AND ORDER - 4**

§ 2250.  However, an indigent prisoner is not entitled to such copies until he or she actually files a § 2255 motion.  *See United States v. Connors*, 904 F.2d 535 (9th Cir. 1990).  *See also Walker v. United States*, 424 F. 2d 278, 278-70 (5th Cir. 1970) (holding a federal prisoner is not entitled to copies of court records at Government expense to search for possible error).  Likewise, a prisoner is not entitled to transcripts at Government expense prior to filing a § 2255 motion.  *See United States v. MacCollom*, 426 U.S. 317 (1976).

Although Jimenez-Morales filed his motion prior to filing his § 2255 Motion, the Court is considering the motion after he filed his § 2255 Motion.  However, he still is not entitled to transcripts without cost unless the Court certifies that his § 2255 Motion is not frivolous and that the transcripts are needed to decide an issue raised in the § 2255 motion.  *See* 28 U.S.C. § 753(f).  *See also United States v. MacCollom*, 426 U.S. 317 (1976) (upholding limitation on federal prisoner's right to transcripts under § 753(f).  Given the apparent untimeliness of Jimenez-Morales' § 2255 Motion, the Court will deny the request for transcripts and records.

## CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a

**MEMORANDUM DECISION AND ORDER - 5**

§ 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Id.*; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's ruling dismissing the § 2255 Motion as time-barred to be debatable or wrong.

## ORDER

**IT IS ORDERED:**

1. Julio Jimenez-Morales' Motion pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1 and Crim. Dkt. 392) is **DISMISSED** as untimely.

2. Julio Jimenez-Morales' Formal Motion to Require Legal Documentation (Crim. Dkt. 383) and Declaration in Support of Request to Proceed *In Forma Pauperis* (Crim. Dkt. 384) construed as a motion to proceed *in forma pauperis*, are **DENIED AS MOOT.**

3. No certificate of appealability shall issue. Jimenez-Morales is advised that he may still request a certificate of appealability from the Ninth Circuit Court of

Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

4. If Jimenez-Morales files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: May 6, 2015

B. Lynn Winmill
Chief Judge
United States District Court